UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAURAINE B. SINGLETON,
   Plaintiff,

   vs.                                No. 07- 1254

JODY KING, et.al.,
   Defendants

## CASE MANAGEMENT ORDER

This cause is before the court for consideration of Defendant Donna Bond's motion to dismiss the complaint. [d/e 50]

The pro se plaintiff originally filed her complaint on September 27, 2007, pursuant to 42 U.S.C. 1983 claiming that her constitutional rights were violated at the Peoria County Jail. The plaintiff stated that "Nurse Donna," as well as other defendants, where deliberately indifferent to her serious medical needs. The plaintiff claimed she was not provided proper treatment for her diabetic condition.

After merit review, Notice of Lawsuit and Waiver of service forms were sent to all surviving defendants on April 9, 2008. The forms were not returned for "Nurse Donna." On June 25, 2008, the court converted a motion to dismiss filed by the surviving defendants into a motion for summary judgement. The court also ordered defense counsel for the Peoria County Jail to provide the full name and work address of any nurses named "Donna" who worked in the jail during the relevant time period.

During a hearing on July 15, 2008, counsel identified the defendant as Nurse Donna Bond. Bond was not an employee of the jail, so the court ordered defense counsel to provide the address of Bond's employer and the name of counsel for her employer within seven days. July 15, 2008 Minute Order.

The defendants did not respond within seven days. However, on August 11, 2008, Attorney Peter Jennetten contacted the Circuit Clerk's office and identified Donna Bond as an employee of Advanced Correctional Healthcare and provided an address on North University in Peoria, Illinois. Apparently Mr. Jennetten is counsel for Advanced Correctional Healthcare. It is not clear from the docket whether Notice of Lawsuit or Waiver of Service Forms were sent to this new address.

On March 18, 2009, the court again ordered the defendants to provide the last known address for Defendant Bond. March 18, 2009 Court Order, p. 5   The Clerk's Office was again provided with the defendant's employer, Advanced Correctional Healthcare, but the company

had moved to a new address in Peoria.   Notice of Lawsuit and Waiver of service forms were sent to this address.  March 26, 2009 Text Order.

The forms were not returned, and on July 7, 2009, the court ordered the U.S. Marshal's to attempt to personally service Defendant Donna Bond as soon as possible.  July 7, 2009 Text Order.  A hearing was set to review the status of Defendant Bond on September 22, 2009.  The defendant had not been served on this date, so the hearing was continued to October 21, 2009.  September 21, 2009 Text Order.

On October 1, 2009, the summons was returned as "executed" against Defendant Donna Bond. [d/e 43].   However, the summons was left with Bond's employer, Advanced Correctional Healthcare, and was not served personally on Donna Bond.  The nurse no longer works for this company and apparently had not for some time.

A hearing was held on October 21, 2009.  The court again inquired whether counsel had any idea where the court could located Defendant Donna Bond.  Neither the plaintiff, nor counsel for the Peoria County Jail had any further information.   The court then asked the United States Marshal to locate and serve Defendant Donna Bond. October 21, 2009 Minute Order.

Also on October 21, 2009, Attorney Jennetten filed a motion to dismiss Defendant Bond from this lawsuit/ [d/e 50]   Counsel correctly points out that service at the defendant's former employer does not satisfy the requirement of Federal Rule of Civil Procedure 4.

On December 4, 2009, the United States Marshall's returned the summons for Defendant Bond indicating that they were able to find or locate the defendant. [d/e 66].

Ultimately, service of process is the responsibility of the plaintiff in this case.  The court has run out of options.  The court has helped the plaintiff to identify the full name of this defendant, has tracked down the name of her employer and has twice asked the United States Marshals to attempt to personally serve this individual.  After more than two years, the court is unable to locate this defendant.   Therefore, the motion to dismiss is granted.

The court notes that in her response to the motion to dismiss, the plaintiff asks for additional time to serve Defendant Bond.  The plaintiff points out that she will be released soon.  This case is more than two years old and the plaintiff does not claim that she has any further information about the location of Defendant Bond.   The plaintiff's release alone is not a sufficient reason to delay ruling on the motion.

The court also notes in her complaint, the plaintiff's only clear claim against Defendant Bond is an allegation concerning her treatment for diabetes.  The plaintiff says on August 6, 2006, Officer Burnette refused to take her to a scheduled visit to test her blood sugar levels.  The officer told the plaintiff that Nurse Bond had called for the plaintiff, but the officer was refusing to take her.  The plaintiff believed that Nurse Bond should have done more.  This is not sufficient to state a claim.  In addition, the plaintiff provided no evidence or medical records to

support her claims in response to the summary judgement motions filed by the other defendants. Officer Burnette says the plaintiff asked to be taken to medical when she was not scheduled for a visit and Nurse Bond refused to see her until her scheduled insulin shot later in the day.  There was no medical evidence presented to the court that the plaintiff suffered in any way due to this short delay.

**IT IS THEREFORE ORDERED that:**

1. **Defendant Bond's motion to dismiss the claims against her is granted for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(4); 12(b)(5) and 41(b).  The plaintiff's claims against Defendant Bond are dismissed in their entirety with prejudice.   The parties are to bear their own costs.**

2. **If the plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, she will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).**

Entered this 16th day of December, 2009.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE